# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| P.G., a minor, by and through her Guardian Ad Litem STACY MALLORY,<br>　　　Plaintiff,<br><br>　　　　　v.<br><br>CITY OF LONG BEACH, LONG BEACH UNIFIED SCHOOL DISTRICT, et al.,<br>　　　Defendants. | CV 17-8663 DSF (SKx)<br><br>Order DENYING Plaintiff's Motion for Preliminary Injunction (Dkt. 63) |

　　Plaintiff P.G. is a high school student suffering from Limb-Girdle Muscular Dystrophy. Plaintiff moves to preliminarily enjoin Defendant Long Beach Unified School District to comply with Plaintiff's individual educational plan (IEP). Dkt. 63 (Mot.). Defendant opposes the motion. Dkt. 66 (Opp'n). The motion is DENIED.

　　"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 24 (2008). "A [party] seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 20. Although the moving party must make a showing on each factor, the Ninth

Circuit employs a "version of the sliding scale" approach where "a stronger showing of one element may offset a weaker showing of another." All. for the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131 (9th Cir. 2011). Specifically, the Ninth Circuit "has adopted and applied a version of the sliding scale approach under which a preliminary injunction could issue where the likelihood of success is such that serious questions going to the merits were raised and the balance of hardships tips sharply in [plaintiff's] favor." Id. at 1131 (citing Lands Council v. McNair, 537 F.3d 981, 987 (9th Cir. 2008)).

Plaintiff fails to demonstrate she is likely to be irreparably harmed absent an injunction. See Winter, 555 U.S. at 22 ("Our frequently reiterated standard requires plaintiffs seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction."); see also Herb Reed Enters., LLC v. Fla. Entm't Mgmt., 736 F.3d 1239, 1249-50 (9th Cir. 2013) (applying the Winter standard for irreparable harm).

Plaintiff first argues that Defendant's alleged violation of the ADA constitutes *per se* irreparable harm. See Mot. at 12 (quoting Silver Sage Partners, Ltd. v. City of Desert Hot Springs, 251 F.3d 814, 827 (9th Cir. 2001) ("[W]here a Defendant has violated a civil rights statute, we will presume that the plaintiff has suffered irreparable injury from the fact of the defendant's violation."); see also Mot. at 15 (citing Stone v. City & County of San Francisco, 968 F.2d 850, 858 (9th Cir. 1992), cert. denied 506 U.S. 1081). The Court finds that such presumption of irreparable harm conflicts with the Supreme Court's holding in Winter. See Enyart v. Nat'l Conference of Bar Examiners, Inc., 630 F.3d 1153, 1165 (9th Cir. 2011) (declining to reach issue of whether an ADA violation constitutes *per se* irreparable harm, after the district court found that to the extent prior Ninth Circuit law concluded that irreparable harm need not be shown in certain statutory

2

contexts, such law was in conflict with Winter); see also Doe v. Samuel Merritt Univ., 921 F. Supp. 2d 958, 963 (N.D. Cal. 2013) (agreeing that "a presumption of irreparable harm conflicts with the Supreme Court's decision in Winter").

Plaintiff further asserts that she will be irreparably harmed by Defendant's failure to fully comply with her IEP. Plaintiff's only proffered evidence is a declaration by her mother Stacy Mallory.[1] Mallory states that between January and March 2019, Plaintiff has missed six days of school, that Plaintiff spent a full day doing work in her guidance counselor's office instead of going to class, that Plaintiff was not provided with an accessible desk during one class period, and that there is a possibility the school's elevator will not work in the future. Dkt. 63-1 (Mallory Decl.), ¶ 10. Mallory also claims Plaintiff's "absences, due solely because of the lack of an aide, jeopardizes [sic] Ms. P.G.'s graduation."[2] Id. ¶ 12.

---

[1] The Memorandum of Points and Authorities and Mallory's Declaration state that P.G. is sixteen years old. Mallory Decl. ¶ 4. This is misleading, as it suggests she is a minor and must be provided with at least an additional two years of education. As counsel confirmed at a recent hearing, she is actually eighteen years old. See also Dkt. 55, Third Am. Compl., ¶ 3 ("[Plaintiff's] birth date is October 10, 2000."). The error is corrected in Mallory's May 3 Further Declaration. P.G. is now an adult and is no longer to be represented by her guardian. It is not clear why P.G. herself did not file a declaration. Such a declaration would have been made on personal knowledge and would have been significantly more persuasive.

[2] Defendant raises several evidentiary objections to Plaintiff's evidence. See Dkt. 66-3 (Objection to Plaintiff's Evidence). But "the rules of evidence do not apply strictly to preliminary injunction proceedings." Herb Reed Enters., LLC v Fla. Entm't Mgmt., 736 F.3d 1239, 1250 n.5 (9th Cir. 2013) (citation omitted); see also Republic of the Philippines v. Marcos, 862 F.2d 1355, 1363 (9th Cir. 1988) ("It was within the discretion of the district court to accept . . . hearsay for purpose of deciding whether to issue the preliminary injunction."). The Court will therefore consider Mallory's declaration for the limited purpose of deciding this motion.

Defendant challenges these claims, offering internal records stating that Plaintiff missed only two days of class during the period of time covered in Mallory's declaration, and only a single day due to the lack of an aide. Dkt. 66-2 (Whitaker Decl.), ¶¶ 3-4, Ex. A. Also according to Danita Whitaker, a counselor at Plaintiff's high school, Plaintiff chose to work in the office rather than attend class with a substitute aide. Id. ¶ 5.

Defendant also presents evidence that Plaintiff is scheduled to graduate on time in June 2019, and that Plaintiff is an A-G Student, meaning she has completed the necessary requirements for admission into an undergraduate program within the California State University and University of California systems. Dkt. 66-2 (Whitaker Decl.), ¶¶ 7-8. Further, Defendant provides that it has followed (and is following) Plaintiff's IEP, and is providing a one-on-one aide to assist her, has backups in case her usual aide is unavailable, and has ensured the classrooms in which she has class are accessible. Id. at ¶¶ 3-6. Plaintiff did not file a reply, or otherwise contest any of Defendant's evidence.

Plaintiff's assertion[3] that her graduation is threatened is purely speculative, and a "[s]peculative injury cannot be the basis for a finding of irreparable harm." In re Excel Innovations, Inc., 502 F.3d 1086, 1098 (9th Cir. 2007) (citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466, 472 (9th Cir. 1984)). Plaintiff is on track to graduate on time and is eligible for college admission. Speculation by her mother that there is some possibility P.G. will not graduate on time is not a sufficient basis to find irreparable harm is likely to occur absent an injunction. Plaintiff has not shown that missing a single day of school due to the lack of an aide constitutes irreparable harm. In any event, given

---

[3] As previously noted, it is not clear what P.G.'s position actually is, as the only information provided on her behalf has come from Mallory.

Defendant's uncontested declaration that multiple backup aides are available, the Court finds it extremely unlikely that irreparable harm will occur before her graduation in June. Indeed, in her "Further Declaration," Mallory recounts an instance after the filing of this motion where P.G.'s regular aide was unavailable and two other aides were substituted for that aide. This illustrates that P.G. is getting the assistance required by the IEP.[4]

Plaintiff makes several other confusing allegations concerning irreparable harm. See Mot. at 13-14.[5] These broad statements about the law fail to establish *specifically* how Plaintiff is likely to be irreparably harmed without a preliminary injunction.

Finally, the Court notes that this motion was scheduled for hearing approximately a year-and-a-half after this litigation commenced. Compare Dkt. 1 (Compl.) with Mot. at 1. A "[p]laintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm." Garcia v. Google, Inc., 786 F.3d 733 (9th Cir. 2015) (quoting Oakland Tribune, Inc., v. Chronicle Publ'g Co., 762 F.2d 1374, 1377 (9th Cir. 1985)). Plaintiff now seeks a preliminary injunction only 38 days before her graduation. Plaintiff makes no argument as to why she waited so long to bring this motion.

The Court cannot conclude that Plaintiff is likely to suffer irreparable harm absent an injunction. On this ground alone,

---

[4] That Mallory is "frustrat[ed] by having to deal with issues relating to [her] daughter's education on a daily basis," (Further Decl at ¶12), appears to be hyperbole (there is no indication this occurs on a daily basis), and in any event is not grounds for a preliminary injunction.

[5] Because Plaintiff's California claims have been dismissed, see Dkt. 60, Plaintiff's arguments as to California law are lack merit.

Plaintiff's motion for preliminary injunction must be denied. Therefore, the Court need not address the other <u>Winter</u> factors.

Plaintiff's motion for preliminary injunction is DENIED.

IT IS SO ORDERED.

Date: May 6, 2019

Dale S. Fischer
United States District Judge